E-FILED
Tuesday, 05 September, 2017 04:07:42 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BOB DONLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 17-CV-1343 |
| | ) | |
| JUSTIN HAMMERS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

The plaintiff, proceeding *pro se*, and currently incarcerated at Illinois River Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that prison officials have retaliated against him for filing motions for injunctive relief in another case by forcing him to keep his legal papers in his property box, moving him to a different cell, not giving him a sufficient number of law library passes, denying

mental health treatment, and incidents where prison officials deprived other inmates of various things.

Plaintiff alleges he has filed motions to stop the harassment with the same allegations in the *Rasho v. Elyea* class action in front of Judge Mihm.

Plaintiff's allegations are scattershot at best, involving several different defendants and unrelated claims. He appears to be simultaneously pursuing relief for these alleged violations in two different lawsuits, and from his allegations, it appears that Judge Mihm has addressed some of plaintiff's concerns. Plaintiff may state a claim for relief; however, plaintiff will need to more fully address those claims in an amended complaint. Plaintiff's amended complaint must be a short and plain statement of the claim for relief and must identify the individuals responsible for the alleged deprivation and specifically state what each defendant did or did not do to violate plaintiff's constitutional rights. See Fed. R. Civ. P. 8.

Additionally, plaintiff is advised that he may not pursue unrelated claims against a different set of defendants in the same lawsuit. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) ("[D]istrict courts should not allow inmates to flout the rules for joining claims and defendants…or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint.").

IT IS THEREFORE ORDERED:

1. The plaintiff's complaint is hereby dismissed with leave to plead over. The plaintiff may file an amended complaint, within thirty (30) days of this order that complies with the Court's instructions above. In short, plead more facts. If the plaintiff fails to file an amended complaint or follow the court's specific instructions, as outlined in this order, his case may be dismissed.

2. The clerk is directed to provide the plaintiff with a blank complaint form to assist him.

3. Plaintiff's motion for counsel [5] is denied, with leave to renew after plaintiff has filed his amended complaint and upon demonstrating that he made attempts to hire his own counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff included a list of attorneys to whom he alleges he sent requests for representation. A plaintiff, however, usually shows he made an attempt to obtain counsel by writing to several lawyers and attaching the responses. Plaintiff has not done that. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

4. Plaintiff's motion to request criminal charges [8] is denied. The court does not have the authority to bring criminal charges against any individual.

Entered this 5th day of September, 2017

/s/Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE