UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BOB DONLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 17-1343 |
| | ) |
| JUSTIN HAMMERS, *et al.* | ) |
| | ) |
| Defendants. | ) |

## **MERIT REVIEW ORDER**

This case is before the court for a merit review of the plaintiff's amended complaint. The court is required by 28 U.S.C. § 1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to state a claim for relief that is plausible on its face. *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that, since filing a petition for writ of habeas corpus, Defendants Bleeker, Hammond, Williams and Hanlin, all prison guards, have retaliated against him by (1) forcing him to keep his legal documents in his property box, rather than on a shelf in his cell; (2) writing false disciplinary reports against him and yelling at him for walking out of line despite other inmates doing the same thing; (3) scattering his belonging around his cell during

shakedowns; (4) seizing property he was authorized to have; (5) not giving him adequate law library time; and (6) separating him from his preferred cellmate, then assigning him to share a cell with several gang members and later with an inmate who smells bad and openly flouts prison rules.

Plaintiff also alleges that prison psychologists have failed to fix his roommate problems to his satisfaction, that an Assistant Attorney General representing the warden in his habeas petition has disobeyed court orders in another case, and that he has sent grievances to Warden Hammers, apparently without receiving a response.

Plaintiff states a retaliation claim against Defendant Bleeker, Hammond, Williams, and Hanlan. *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). Plaintiff also states a plausible retaliation claim against Warden Hammers based upon the warden's apparent knowledge of the situation gained via the grievance process and the alleged failure to remedy the problem. *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

The remaining claims will be dismissed without prejudice as, although Plaintiff attempts to link the claims in his amended complaint under a general "campaign of harassment," Plaintiff's claims are either unrelated to the actions of Defendants Bleeker, Hammond, Williams, Hanlan, and Hammers, or they involve unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) ("[D]istrict courts should not allow inmates to flout the rules for joining claims and defendants…or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint.").

IT IS THEREFORE ORDERED:

    1. Plaintiff's motion to amend complaint (#11) is granted. Clerk is directed to docket the amended complaint attached to plaintiff's motion.

2. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an First Amendment retaliation claim against Defendants Bleeker, Hammond, Williams, Hanlan, and Hammers. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

4. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

5. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

6. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an

answer sets forth the defendants' positions.  The court does not rule on the merits of those positions unless and until a motion is filed by the defendants.  Therefore, no response to the answer is necessary or will be considered.

      7.    This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk.  The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the clerk.  The plaintiff must mail his discovery requests and responses directly to defendants' counsel.  Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

      8.    Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement.  Counsel for the defendants shall arrange the time for the deposition.

      9.    The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number.  The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

      10.    If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

      11.    The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12. The clerk is directed to terminate Defendants Baca, Johnson, Meyers, Drew Meyers, and Robbie Johnson.

13. The clerk is directed to attempt service on the defendants pursuant to the standard procedures.

14. Plaintiff's motions [10][13] seeking a status of this case are denied as moot.

Entered this 5th day of February, 2018


/s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE